1
2
3
4

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

5
6
7    JOHN EDWARD MITCHELL,                    Case No. 1:23-cv-00062-SAB (PC)

8                   Plaintiff,               SCREENING ORDER GRANTING
                                             PLAINTIFF LEAVE TO FILE AN
9           v.                               AMENDED COMPLAINT

10   C. GONZALES, et al.,                    (ECF No. 1)

11                  Defendants.

12
13
14        Plaintiff John Edward Mitchell is proceeding pro se in this civil rights action filed pursuant

to 42 U.S.C. § 1983.

15
16        Currently before the Court is Plaintiff's complaint, filed January 6, 2023.  (ECF No. 1.)

On March 15, 2023, Plaintiff paid the filing fee for this action.

17
                                             **I.**
18
                            **SCREENING REQUIREMENT**
19
20        The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
21
Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
22
"frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that
23
"seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §
24
1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).
25
          A complaint must contain "a short and plain statement of the claim showing that the pleader
26
is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
27
"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
28

1  statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic

2  Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each

3  defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297

4  F.3d 930, 934 (9th Cir. 2002).

5        Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

6  liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

7  1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

8  facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

9  that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

10 v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

11 has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

12 liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d

13 at 969.

## II.

## SUMMARY OF ALLEGATIONS

16      The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of

17 the screening requirement under 28 U.S.C. § 1915.

18      On November 3, 2019, Plaintiff sent a staff complaint, KVSP-0-19-04219 (KVSP 4219)

19 to the Kern Valley State Prison (KVSP) appeals office.

20      On November 5, 2019, Defendant C. Gonzales returned appeal KVSP 4219 instructing

21 Plaintiff to remove the allegation of retaliation for the appeal to be processed.

22      On November 7, 2019, Plaintiff returned KVSP 4219 after he removed the word

23 "retaliation."

24      On November 14, 2019, Plaintiff sent a complaint against T. Rodriguez for retaliation.

25      On November 18, 2019, C. Gonzales cancelled the appeal by way of appeal KVSP-0-19-

26 4360 (KVSP 4360).

27      On November 27, 2019, Plaintiff resubmitted KVSP 4360 and it was cancelled

28 (erroneously) as duplicative of KVSP 4219.

1    On December 20, 2019, Plaintiff appealed the cancellation of KVSP 4360, which was
2  cancelled by C. Gonzalez on December 26, 2019 by way of appeal KVSP-0-19-04814.

3    On December 23, 2019, Plaintiff resubmitted KVSP 4219 for the second level review.  A.
4  Leyva returned the appeal as cancelled instructing Plaintiff to remove the retaliation allegation
5  before the appeal could be processed.

6    On January 21, 2020, Plaintiff submitted an inmate request for interview.

7    On or about January 22, 2020, Plaintiff submitted a staff complaint against appeals
8  coordinators A. Leyva and C. Gonzalez.

9    On January 24, 2020, C. Gonzalez cancelled appeal KVSP-0-20-00277 (KVSP 0277)
10  instructing to remove the word retaliation.

11    On or about January 29, 2020, Plaintiff returned KVSP 0277 to Chief of Appeals R Diaz
12  giving notice that KVSP appeals coordinators were interfering with Plaintiff's attempt to file a
13  complaint for retaliation against them.

14    On February 10, 2020, the Office of Appeals acknowledged receipt of KVSP 0277.

15    On February 24, 2020, A. Leyva responded to KVSP 0277 against Leyva instructing
16  Plaintiff to follow instructions on CDC 695 form dated January 24, 2020 for further processing
17  wherein it instructed removal of the word retaliation.

18    On February 26, 2020, Plaintiff sent KVSP-0-20-00277 for third level review, and it was
19  again returned to Plaintiff to follow instructions.  Plaintiff resubmitted the appeal on April 28,
20  2020, but it was returned on May 13, 2020 by A. Leyva stating, "Be advised that these
21  documents are being returned to you as they are not an appeal."

22    On or about May 13, 2020, Plaintiff returned the staff complaint against the appeals
23  coordinators.  On June 5, 2020, he received a response from C. Gonzalez, which stated to
24  remove the word retaliation.

25    Defendants C. Gonzalez and A. Leyva acting as appeals coordinators refused to process
26  grievances that did not conform to their personal belief of acceptable content, i.e. removal of the
27  word "retaliation."

28

3

## III.

## DISCUSSION

### A.    Retaliation

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983 even if the act, when taken for different reasons, would have been proper. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 283–84 (1977). Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights. See Perry v. Sindermann, 408 U.S. 593, 597 (1972). A viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (internal citation omitted).

"[T]he denial of a grievance or appeal 'neither constitutes an adverse action that is more than de minimis nor is it sufficient to deter a prisoner of 'ordinary firmness' from further First Amendment activities." Chacon v. Diaz, No. EDCV201898JWHKS, 2020 WL 7214292, at *5 (C.D. Cal. Sept. 28, 2020) (quoting Dicey v. Hanks, No. 2:14-CV-2018 JAM AC, 2015 WL 4879627, at *5 (E.D. Cal. Aug. 14, 2015) (collecting cases and denying leave to amend because "denial of a grievance does not constitute an adverse action," report and recommendation adopted, No. 214CV2018JAMACP, 2015 WL 6163444 (E.D. Cal. Oct. 15, 2015); see also Allen v. Kernan, No. 316CV01923CABJMA, 2018 WL 2018096, at *7 (S.D. Cal. Apr. 30, 2018) (same), aff'd, 771 F. Appx 407 (9th Cir. 2019); Almy v. R. Bannister, No. 313CV00645MMDVPC, 2016 WL 11448946, at *6 (D. Nev. May 23, 2016) ("courts have generally concluded that the denial of a grievance or a disciplinary appeal without more does not meet the requisite threshold of adversity"), report and recommendation adopted sub nom. Almy v. Bannister, No. 313CV00645MMDVPC, 2016 WL 5419416 (D. Nev. Sept. 27, 2016)).

Here, Plaintiff does not allege any Defendant took adverse action against him because he filed these grievances and does not claim to have been chilled from exercising any constitutional

right. See Gunn v. Olmstead, 2021 WL 3048359, at *3 (E.D. Cal. July 20, 2021) ("To the extent plaintiff may be attempting to allege that his grievances were denied in retaliation for filing the grievances in the first place, the denial of a grievance does not constitute an adverse action that is more than *de minimis* and is not sufficient to deter a prisoner of "ordinary firmness" from further First Amendment activities.") (citing Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)); see also Burciaga v. California Dep't of Corr. & Rehab., 2019 WL 8634165, at *8 (C.D. Cal. Sept. 5, 2019) ("Plaintiff was not forced to abandon his First Amendment right; rather, he pursued it individually ... [and] does not explain how [Defendants'] instruction[s] to file his administrative grievance [differently]" resulted in the loss of a potential claim for relief).).

### B.    First Amendment-Expression of Speech

Speech is protected under the First Amendment, unless it falls under one of a few narrowly defined categories of unprotected speech. R.A.V. v. City of St. Paul, 505 U.S. 377, 382– 84 (1992).  The Ninth Circuit has held that "disrespectful language in a prisoner's grievance is itself protected activity under the First Amendment." Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) (citing Bradley v. Hall, 64 F.3d 1276, 1281–82 (9th Cir. 1995) ).  In Turner v. Safley, the United States Supreme Court held that a prison regulation that restricts inmates' constitutional rights could be constitutionally sound if it "is reasonably related to legitimate penological interests." 482 U.S. 78, 89 (1987). Turner requires that a valid regulation must (1) be content neutral, (2) logically advance proper goals such as institutional security and safety, and (3) not be an exaggerated response in relation to those goals. Id. at 93. The Supreme Court later clarified that a prison regulation is considered to be content neutral if its purpose is "unrelated to the suppression of expression." Thornburgh v. Abbott, 490 U.S. 401, 415 (1989) (quoting Procunier v. Martinez, 416 U.S. 396, 413 (1974) ).

The Ninth Circuit recently established that a prison official's refusal to process a grievance that failed to conform to the official's "personal conception of acceptable content" constituted "content-based discrimination that runs contrary to the First Amendment protections." Richey v. Dahne, 733 Fed. Appx. 881, 883-84 (9th Cir. 2018).   The First Amendment prohibits State Defendants from refusing to process grievances because the

1 language in the grievances fails to conform to the prison's conception of acceptable content. <u>Id.</u>

2 at 883-84.

3      Although Plaintiff claims that Defendants cancelled and returned his inmate grievances

4 with notation to remove the retaliation "word" or allegations, he fails to set forth the specific

5 reasons given, if any, as to why the retaliation word or allegations needed to be removed.

6 Plaintiff also did not submit the grievances referenced as exhibits in the complaint, and at one

7 point in the complaint, Plaintiff submits that on May 13, 2020 appeal KVSP-0-20-00277 was

8 returned by A. Leyva stating, "Be advised that these documents are being returned to you as

9 they are not an appeal." Thus, at this point, the Court cannot determine whether or not any

10 rejections were content-based or non-content based.

11      **C.**    **Declaratory Judgment**

12      Plaintiff's complaint seeks a declaratory judgment. "A declaratory judgment, like other

13 forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in

14 the public interest." <u>Eccles v. Peoples Bank of Lakewood Village</u>, 333 U.S. 426, 431 (1948).

15 "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and

16 settling the legal relations in issue nor terminate the proceedings and afford relief from the

17 uncertainty and controversy faced by the parties." <u>United States v. Washington</u>, 759 F.2d 1353,

18 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff,

19 then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly,

20 a declaration that any Defendant violated Plaintiff's rights is unnecessary.

21                                       **IV.**

22               **CONCLUSION AND ORDER**

23      For the reasons discussed, Plaintiff fails to state a cognizable claim for relief and shall be

24 granted leave to file an amended complaint to cure the deficiencies identified in this order, if he

25 believes he can do so in good faith. <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

26      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

27 each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556

28 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise

1   a right to relief above the speculative level . . . .” <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

2   Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his

3   amended complaint. <u>George</u>, 507 F.3d at 607 (no “buckshot” complaints).

4        Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

5   <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended

6   complaint must be “complete in itself without reference to the prior or superseded pleading.”

7   Local Rule 220.

8        Based on the foregoing, it is HEREBY ORDERED that:

9   1.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

10  2.   Within thirty (30) days from the date of service of this order, Plaintiff shall file an

11       amended complaint;

12  3.   Plaintiff's amended complaint shall not exceed twenty-five (25) pages in length;

13       and

14  4.   If Plaintiff fails to file an amended complaint in compliance with this order, the

15       Court will recommend to a district judge that this action be dismissed consistent

16       with the reasons stated in this order.

17

18  IT IS SO ORDERED.

19  Dated:   __**March 21, 2023**__

        _____

        UNITED STATES MAGISTRATE JUDGE

7