# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>C. GONZALES, et al.,<br><br>Defendants. | Case No. 1:23-cv-00062-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF RETALIATION CLAIM<br><br>(ECF No. 11) |

Plaintiff John Edward Mitchell is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed April 14, 2023.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true only for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff brings the complaint against appeals coordinators Defendants C. Gonzales and A. Leyva.

On November 3, 2019, Plaintiff sent a staff complaint, KVSP-0-19-04219 (KVSP 4219) to the Kern Valley State Prison (KVSP) appeals office.

On November 5, 2019, Defendant C. Gonzales returned appeal KVSP 4219 instructing Plaintiff to remove the allegation of retaliation for the appeal to be processed.

On November 7, 2019, Plaintiff returned KVSP 4219 after he removed the word "retaliation."

On November 14, 2019, Plaintiff sent a complaint against T. Rodriguez for retaliation. On November 18, 2019, C. Gonzales cancelled the appeal by way of appeal KVSP-0-19-4360 (KVSP 4360).

On November 27, 2019, Plaintiff resubmitted KVSP 4360 and it was cancelled (erroneously) as duplicative of KVSP 4219.

On December 20, 2019, Plaintiff appealed the cancellation of KVSP 4360, which was cancelled by C. Gonzalez on December 26, 2019 by way of appeal KVSP-0-19-04814.

On December 23, 2019, Plaintiff resubmitted KVSP 4219 for the second level review. A. Leyva returned the appeal as cancelled instructing Plaintiff to remove the retaliation allegation before the appeal could be processed.

On January 21, 2020, Plaintiff submitted an inmate request for interview.

On or about January 22, 2020, Plaintiff submitted a staff complaint against appeals coordinators A. Leyva and C. Gonzalez.

On January 24, 2020, C. Gonzalez cancelled appeal KVSP-0-20-00277 (KVSP 0277) instructing to remove the word retaliation.

On or about January 29, 2020, Plaintiff returned KVSP 0277 to Chief of Appeals R Diaz giving notice that KVSP appeals coordinators were interfering with Plaintiff's attempt to file a complaint for retaliation against them.

On February 10, 2020, the Office of Appeals acknowledged receipt of KVSP 0277.

On February 24, 2020, A. Leyva responded to KVSP 0277 against Leyva instructing Plaintiff to follow instructions on CDC 695 form dated January 24, 2020 for further processing wherein it instructed removal of the word retaliation.

On February 26, 2020, Plaintiff sent KVSP 00277 for third level review, and it was again returned to Plaintiff to follow instructions. Plaintiff resubmitted the appeal on April 28, 2020, but it was returned on May 13, 2020 by A. Leyva stating, "Be advised that these documents are being returned to you as they are not an appeal."

On or about May 13, 2020, Plaintiff returned the staff complaint against the appeals coordinators.

3

On or about May 25, 2020, Plaintiff sought intervention by sending KVSP 0277 to the Chief Office of Inmate Appeals in Sacramento informing them that Plaintiff had "done everying requested int eh CDC 695 … and to no avail." Upon information and believe, the appeal was sent back to KVSP appeals who on June 5, 2020, responded by issuing KVSP 0277 a different log number KVSP-0-20-01769 and titled it a "property" appeal on the CDC 695 form which again instructed Plaintiff to remove the word "retaliation" in the previous submissions in order for it to be processed.

Defendants C. Gonzalez and A. Leyva acting as appeals coordinators refused to process grievances that did not conform to their personal belief of acceptable content, i.e. removal of the word "retaliation."

## III.

## DISCUSSION

### A.  Retaliation

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983 even if the act, when taken for different reasons, would have been proper. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 283–84 (1977). Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights. See Perry v. Sindermann, 408 U.S. 593, 597 (1972). A viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (internal citation omitted).

"Neither our prior case law nor that of the Supreme Court has clearly established that merely refusing to accept a grievance for processing is a retaliatory adverse action." Richey v. Dahne, 733 Fed.Appx. 881, 884 (9th Cir. 2018). Thus, "the denial of a grievance or appeal 'neither constitutes an adverse action that is more than de minimis nor is it sufficient to deter a prisoner of 'ordinary firmness' from further First Amendment activities." Chacon v. Diaz, No.

EDCV201898JWHKS, 2020 WL 7214292, at *5 (C.D. Cal. Sept. 28, 2020) (quoting <u>Dicey v. Hanks</u>, No. 2:14-CV-2018 JAM AC, 2015 WL 4879627, at *5 (E.D. Cal. Aug. 14, 2015) (collecting cases and denying leave to amend because "denial of a grievance does not constitute an adverse action," report and recommendation adopted, No. 214CV2018JAMACP, 2015 WL 6163444 (E.D. Cal. Oct. 15, 2015); <u>see also</u> <u>Allen v. Kernan</u>, No. 316CV01923CABJMA, 2018 WL 2018096, at *7 (S.D. Cal. Apr. 30, 2018) (same), aff'd, 771 F. Appx 407 (9th Cir. 2019); <u>Almy v. R. Bannister</u>, No. 313CV00645MMDVPC, 2016 WL 11448946, at *6 (D. Nev. May 23, 2016) ("courts have generally concluded that the denial of a grievance or a disciplinary appeal without more does not meet the requisite threshold of adversity"), report and recommendation adopted sub nom. <u>Almy v. Bannister</u>, No. 313CV00645MMDVPC, 2016 WL 5419416 (D. Nev. Sept. 27, 2016)).

Here, Plaintiff does not allege any Defendant took adverse action against him because he filed these grievances and does not claim to have been chilled from exercising any constitutional right. <u>See</u> <u>Gunn v. Olmstead</u>, No. 2:20-cv-2232 AC P, 2021 WL 3048359, at *3 (E.D. Cal. July 20, 2021) ("To the extent plaintiff may be attempting to allege that his grievances were denied in retaliation for filing the grievances in the first place, the denial of a grievance does not constitute an adverse action that is more than de minimis and is not sufficient to deter a prisoner of "ordinary firmness" from further First Amendment activities.") (citing <u>Watison v. Carter</u>, 668 F.3d 1108, 1114 (9th Cir. 2012)); <u>see also</u> <u>Burciaga v. California Dep't of Corr. & Rehab.</u>, No. 5:19-cv-01436-ODW-JDE, 2019 WL 8634165, at *8 (C.D. Cal. Sept. 5, 2019) ("Plaintiff was not forced to abandon his First Amendment right; rather, he pursued it individually ... [and] does not explain how [Defendants'] instruction[s] to file his administrative grievance [differently]" resulted in the loss of a potential claim for relief).).

      **B.**    **First Amendment-Expression of Speech and Right to Petition**

Speech is protected under the First Amendment, unless it falls under one of a few narrowly defined categories of unprotected speech. <u>R.A.V. v. City of St. Paul</u>, 505 U.S. 377, 382–84 (1992). The Ninth Circuit has held that "disrespectful language in a prisoner's grievance is itself protected activity under the First Amendment." <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1271 (9th Cir.

2009) (citing Bradley v. Hall, 64 F.3d 1276, 1281–82 (9th Cir. 1995) ).  In Turner v. Safley, the United States Supreme Court held that a prison regulation that restricts inmates' constitutional rights could be constitutionally sound if it "is reasonably related to legitimate penological interests." 482 U.S. 78, 89 (1987). Turner requires that a valid regulation must (1) be content neutral, (2) logically advance proper goals such as institutional security and safety, and (3) not be an exaggerated response in relation to those goals. Id. at 93. The Supreme Court later clarified that a prison regulation is considered to be content neutral if its purpose is "unrelated to the suppression of expression." Thornburgh v. Abbott, 490 U.S. 401, 415 (1989) (quoting Procunier v. Martinez, 416 U.S. 396, 413 (1974) ).

The Ninth Circuit recently established that a prison official's refusal to process a grievance that failed to conform to the official's "personal conception of acceptable content" constituted "content-based discrimination that runs contrary to the First Amendment protections." Richey v. Dahne, 733 Fed. Appx. At 883-84.   The First Amendment prohibits State Defendants from refusing to process grievances because the language in the grievances fails to conform to the prison's conception of  acceptable content. Id. at 883-84.

Here, based on Plaintiff's allegations Defendants C. Gonzales and A. Leyva specifically and repeatedly returned Plaintiff's inmate grievances because they contained the word "retaliation" within the grievance and refused to process the appeals unless the word "retaliation" was removed, is sufficient to give rise to a claim for relief under the First Amendment.  See, e.g., Richey v. Dahne, 733 Fed. Appx. At 883-84 (prison official's refusal to process a grievance that failed to conform to the official's "personal conception of acceptable content" constituted "content based discrimination that runs contrary to First Amendment protections."); Williams v. McKay, No. 1:20-cv-00008-REP, 2022 WL 973065, at *4 (D. Idaho Mar. 31, 2022) (prison official violates inmate's right to petition if fail to process grievance based on inmate's refusal to rewrite it to remove the offense remarks.).

**C.     Further Leave to Amend**

Given that Plaintiff has not, despite previous amendment, stated a cognizable retaliation claim based on the mere denial of his inmate grievance, the Court further leave to amend would

be futile. Hartmann v. Cal. Dep't of Corr. and Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.") Accordingly, the Court recommends dismissal of the retaliation claim without leave to amend.

## IV.
## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1.  This action proceed on Plaintiff's First Amendment violation against Defendants C. Gonzales and A. Leyva; and

2.  Plaintiff's retaliation claim be dismissed for failure to state a cognizable claim for relief.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 11, 2023**

UNITED STATES MAGISTRATE JUDGE