UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>C. GONZALES, et al.,<br><br>Defendants. | No. 1:23-cv-00062-ADA-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 19) |

    Plaintiff John Edward Mitchell is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On July 5, 2023, the Court adopted findings and recommendations from the Magistrate Judge that recommended dismissal of Plaintiff's retaliation claim. (ECF No. 14.) Plaintiff had not filed objections to the findings and recommendations prior to the Court's order adopting them. On the same date that the Court issued its order adopting the findings and recommendations, Plaintiff filed a notice of change of address. (ECF No. 17.) Therefore, on July 6, 2023, the Court re-served the order adopting the findings and recommendations at Plaintiff's new address of record.

    On July 14, 2023, Plaintiff filed objections to the order adopting the findings and recommendations along with a motion to be relieved from that order pursuant to Federal Rule of

1

1 | Civil Procedure 60(b).  (ECF Nos. 18, 19.)  The Court construes Plaintiff's objections as an
2 | addendum to his Rule 60(b) motion.
3 |       Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies
4 | relief.  "[T]his Rule 'is to be used sparingly as an equitable remedy to prevent manifest injustice
5 | and is to be utilized only where extraordinary circumstances prevented a party from taking timely
6 | action to prevent or correct an erroneous judgment.'"  *Harvest v. Castro*, 531 F.3d 737, 749 (9th
7 | Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir.
8 | 2006)).  The moving party "must demonstrate both injury and circumstances beyond his control
9 | that prevented him from proceeding with the action in a proper fashion."  *Id.* (internal quotation
10 | marks and citation omitted).  In seeking reconsideration of an order, the Local Rules require the
11 | moving party to show "what new or different facts or circumstances are claimed to exist which
12 | did not exist or were not shown upon such prior motion, or what other grounds exist for the
13 | motion."  E.D. Cal. R. 230(j).
14 |       "A motion for reconsideration should not be granted, absent highly unusual
15 | circumstances, unless the district court is presented with newly discovered evidence, committed
16 | clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to
17 | raise arguments or present evidence for the first time when they could reasonably have been
18 | raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571
19 | F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted).
20 |       In his objections, Plaintiff simply states that he never received the findings and
21 | recommendations or order adopting them until July 11, 2023.  (ECF No. 18 at 1.)  The mere
22 | delayed receipt of a copy of the findings and recommendations, however, is not a sufficient
23 | reason for the Court to alter its order adopting them.  Plaintiff's accompanying Rule 60(b) motion
24 | claims that there is evidence of corrections officers issuing false Rule Violation Reports ("RVR")
25 | in retaliation for inmates filing civil rights actions.  (ECF No. 19 at 1–2.)  He cites to a specific
26 | RVR that Internal Affairs investigated and determined to be false.  (*Id.* at 2.)  None of Plaintiff's
27 | arguments, however, present new or different facts, circumstances, or evidence such that
28 | reconsideration of the Court's prior order and judgment would be appropriate.  Nor does Plaintiff

provide any argument as to how the Court erred in dismissing the retaliation claim for failure to state a cognizable claim under the applicable standard.

Accordingly,

1. Plaintiff's motion for reconsideration of the Court's July 5, 2023 order is denied; and

2. This matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   September 19, 2023                          _____
                                                     UNITED STATES DISTRICT JUDGE