UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. GONZALES, et al.,<br><br>　　　　　Defendants. | No. 1:23-cv-00062-SAB (PC)<br><br>ORDER REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 23) |

Plaintiff John Edward Mitchell is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. The parties consented to Magistrate Judge jurisdiction. (ECF No. 25.) Currently before the Court is Defendants' motion to dismiss, filed October 9, 2023.

**I.**

**PROCEDURAL BACKGROUND**

This action is proceeding against Defendants C. Gonzales and A. Leyva for violation of the First Amendment.

On October 9, 2023, Defendants filed a motion to dismiss with prejudice on res judicata grounds. (ECF No. 23.) Plaintiff filed an opposition on October 24, 2023, and Defendants filed a reply on November 7, 2023. (ECF Nos. 26, 27.)

1

## II.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In resolving a 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030-31 (9th Cir. 2008) (internal quotation marks & citations omitted). Dismissal is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010) (citation omitted). In addition, the Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard ... applies only to a plaintiff's factual allegations," not his legal theories. Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## III.

## DISCUSSION

Defendants argue that the settlement agreement in Plaintiff's prior case Mitchell v. Diaz, Case No. 1:22-cv-00006-JLT-EPG (PC) (hereinafter "Diaz"), precludes him from litigating the allegations that form the basis of his claims in the present case, which must be dismissed.

Plaintiff argues that the claims against Defendants Leyva and Gonzales are not barred by

1    res judicata because the claims were dismissed without prejudice due to misjoinder in the prior

2    Diaz case.  Plaintiff also argues that defense counsel in the prior Diaz action "preyed" on his

3    vulnerabilities and lack of legal experience to trick him into settling.

### A. Request for Judicial Notice

Defendants request that the Court take judicial notice of the existence and content, but not the truth of any matters asserted, of the following records related to Plaintiff's prior litigation: (1) PACER Docket Sheet for Mitchell v. Diaz, Case No. 1:22-cv-0006-JLT-EPT (PC) (E.D. Cal.), Exhibit A; (2) Complaint in Mitchell v. Diaz, Case No. 1:22-cv-00006-JLT-EPG (PC) (E.D. Cal.), Exhibit B; (3) Settlement Agreement in Mitchell v. Diaz, Case No. 1:22-cv-00006-JLT-EPG (PC) (E.D. Cal.), Exhibit C; and (4) Stipulated Dismissal in Mitchell v. Diaz, renamed Mitchell v. Rodriguez, Case No. 1:22-cv-00006-JLT-EPG (PC) (E.D. Cal.), Exhibit D.  (ECF No. 23-1.)

Federal Rule of Evidence 201 permits the Court to take judicial notice at any time. A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources who accuracy reasonably cannot be questioned. Fed. R. Evid. 201(b). Courts may take judicial notice of facts related to the case before it. Amphibious Partners, LLC v. Redman, 534 F.3d 1357, 1361–1362 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties). This Court may judicially notice the records and filing of other court proceedings. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802 n.2 (9th Cir. 2002). This includes documents filed in state courts. Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

The Court may judicially notice the records and filing of other court proceedings. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802 n.2 (9th Cir. 2002). In particular, we "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v.

1  Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992); see also Smith v. Duncan, 297 F.3d 809, 815
2  (9th Cir. 2002) (taking judicial notice of the "relevant state court documents, because those
3  documents have a direct relationship to [petitioner's habeas] appeal"), abrogation on other
4  grounds recognized by Moreno v. Harrison, 245 Fed.Appx. 606 (9th Cir. 2007).
5       In California, a settlement agreement is a public record if it relates to conduct by a state or
6  local agency. Murphy v. Diaz, No. 2:19-05034 VBF (ADS), 2022 WL 2181095, at *1, fn. 1 (C.D.
7  Cal. May 11, 2022) (citing See Cal. Gov't Code § 6252(d)-(e)); see also Reg. Div. of Freedom
8  Newspapers, Inc. v. Cnty. of Orange, 158 Cal. App. 3d 893, 205 Cal. Rptr. 92, 92 (Cal. Ct. App.
9  1984) (finding a settlement agreement with a county entity was a public record under California
10 Government Code § 6252(d)).
11      The Court takes judicial notice of the existence of the requested documents, Exhibits 1
12 through 4 (RJN, Exs. 1-4), but not as to the parties' interpretations of those documents or to truth
13 of the matters stated therein to the extent they are reasonably disputed. See Tinoco v. San Diego
14 Gas & Elec. Co., 327 F.R.D. 651, 657 (S.D. Cal. 2018) (" 'While matters of public record are
15 proper subjects of judicial notice, a court may take notice only of the authenticity and existence of
16 a particular [record], not the veracity or validity of its contents.' " (citations omitted)); California
17 Sportfishing Prot. All. v. Shiloh Grp., LLC, 268 F. Supp. 3d 1029, 1038 (N.D. Cal. 2017)
18 ("Courts cannot take judicial notice of the contents of documents for the truth of the matters
19 asserted therein when the facts are disputed, as they are here for certain exhibits." (citations
20 omitted)); United States v. S. California Edison Co., 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004)
21 ("A court may not take judicial notice of one party's opinion of how a matter of public record
22 should be interpreted.").
23      **B.    Res Judicata**
24      Although res judicata is an affirmative defense that typically rests on facts outside the
25 complaint, the Ninth Circuit has routinely held that a res judicata defense may be raised in a
26 motion to dismiss under Rule 12(b)(6) so long as it does not depend on disputed issues of fact.
27 Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984); see also Goldberg v. Cameron, 694 Fed.
28 App'x. 564, 566 (9th Cir. 2017).

Under the Full Faith and Credit Act, "judicial proceedings ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738.  Under the doctrine of res-judicata, or claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." New Hampshire v. Maine, 532 U.S. 742, 748 (2001). By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," the doctrine of claim preclusion protects against "the expense and vexation of attending multiple lawsuits," and "conserve[es] judicial resources, and foste[rs] reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153–154 (1979).

Federal courts must look to state preclusion law when determining the claim-preclusive effect of a state judgment on a federal suit. Takahashi v. Bd. of Trs., 783 F.2d 848, 850 (9th Cir. 1986). "Under California law, '[a] valid judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action.' " Id. at 851 (citing Slater v. Blackwood, 15 Cal. 3d 791, 795, 126 Cal.Rptr. 225, 543 P.2d 593 (1976)).  In California, the prerequisite elements for applying the doctrine of res-judicata are as follows: " '(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding. [Citations.]' " Boeken v. Philip Morris USA, Inc., 48 Cal. 4th 788, 797, 108 Cal.Rptr.3d 806, 230 P.3d 342 (2010) (citing People v. Barragan, 32 Cal.4th 236, 252-53, 9 Cal.Rptr.3d 76, 83 P.3d 480 (2004)).

For the reasons explained below, it is clear that there was not a final adjudication of the merits of Plaintiff's claim against Defendants C. Gonzales and A. Levya in the Diaz action.

1. Final Judgment on Merits

In order for res-judicata to apply, the claim must have been adjudicated on the merits in the earlier suit. A final decision on the merits "includes any prior adjudication of an issue in

1  another action that is determined to be sufficiently firm to be accorded conclusive effect."
2  Citizens for Open Access etc. Tide, Inc. v. Seadrift Assn., 60 Cal. App. 4th 1053, 1065, 71 Cal.
3  Rptr. 2d 77 (Cal. Ct. App. 1998).  Claim preclusion requires a final judgment on the merits.
4  "Dismissal with prejudice" is interchangeable with "final judgment on the merits." Stewart v.
5  U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002); see also Semtek Int'l Inc. v. Lockhead Martin
6  Corp., 531 U.S. 497, 505 (2001).

7      Here, in the Diaz action, the Court initially screened Plaintiff's first amended complaint
8  and found that Plaintiff's first amended complaint failed to comply with Federal Rules of Civil
9  Procedure 18 and 20. (Diaz, ECF No. 25.) The Court gave Plaintiff thirty days to either: "a. File a
10 First Amended Complaint that is no longer than fifteen pages (including exhibits)….; or b. Notify
11 the Court in writing that he wants to stand on his complaint." (Id. at 14).  Plaintiff was informed
12 that if he chose to stand on his First Amended Complaint, the Court "will screen Plaintiff's first
13 claim (and related claims) and recommend that the rest of Plaintiff's claims be dismissed as
14 unrelated." (Id.)  In response, Plaintiff filed a notice indicating that he wants to stand on his
15 complaint. (Diaz, ECF No. 26).  Thereafter, Findings and Recommendations were issued finding
16 that Plaintiff's First Amendment free exercise claim against Defendant Rodriguez could proceed
17 past screening.  (Diaz, ECF No. 27.)   It was further recommendation that all claims

18     As an initial matter, a dismissal without prejudice is not an adjudication on the merits and
19 does not have res judicata effect. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396
20 (1990); see also In re Marino, 181 F.3d 1142, 1144 (9th Cir.1999).

21     Further, amendment in the Diaz action necessitated proceeding with certain claims and
22 Defendants and abandoning others in that particular action. Therefore, Plaintiff claim against
23 Defendants Levya and Gonzales in the Diaz action was not adjudicated on the merits, and there is
24 legitimate reason to suspect that it could not have been raised in that case without violating that
25 Court's screening order. To the extent Defendants disagree with this assessment, the burden of
26 establishing res judicata rests on the party asserting claim preclusion and Defendants provide no
27 convincing argument to the contrary.   Defendants point only to the settlement agreement as
28 support for their argument the instant claim is barred by res judicata.  (RJN, Ex. C.)  Defendants

argue that Plaintiff agreed that the scope of the settlement "covered all of the claims and allegations in the Complaints and amendments thereto against Defendants, whether named and whether served or unserved, and any other past or current employees of CDCR" and resolved "all disputes between them relating to the claim alleged in the Complaints" and concern in any way the allegations of the Complaints."  (RJN, Ex. C.)

However, "[n]ewly articulated claims based on the same nucleus of facts are also subject to a res judicata finding if the claims could have been brought in the earlier action." Stewart v. U.S. Bancorp, 297 F.3d at 956.  Thus, claim preclusion prevents a plaintiff from later presenting any legal theories arising from the "same transactional nucleus of facts." Hells Canyon Preservation Council v. U.S. Forest Service, 403 F.3d 683, 686 n.2 (9th Cir. 2005).  It is clear that Plaintiff's claim against Defendants Levya and Gonzales was not related to his free exercise claim against Rodriguez and does not have preclusive effect.  As the claim against Levya and Gonzales was dismissed, *without prejudice*, for misjoinder, the Diaz court never considered the merits of this claim, beyond finding that it was dissimilar to the main free exercise claim against Defendant Rodriguez.  Fed. R. Civ. P. 21 (allows court to dismiss a party on just terms); see also, Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997) (The Ninth Circuit has interpreted the "just terms" standard by holding that a court may dismiss or sever claims under Rule 21 "as long as no substantial right will be prejudiced by the severance.")[1]  Therefore, Plaintiff's claim against Defendants Levya and Gonzales is not barred by the doctrine of res judicata, and Defendants' motion to dismiss should be denied.[2]

///

///

///

///

---

[1] Indeed, a settlement agreement may not release claims that extend beyond claims based on an identical factual predicate as the claims at issue in the operative complaint.  See Hesse v. Sprint Corp., 598 F.3d 581, 590 (9th Cir. 2010) (quoting Williams v. Boeing Co., 517 F.3d 1120, 1133 (9th Cir. 2008)).

[2] Because the claim was not adjudicated on the merits, the Court need not reach the other prongs of res judicata, i.e., identity of claims and same parties or privity of parties.

## IV.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to dismiss the action as barred by res judicata is denied; and
2. Defendants shall file an answer within fourteen days from the date of service of this order. Fed. R. Civ. P. 12(a)(4).

IT IS SO ORDERED.

Dated:  **November 15, 2023**

UNITED STATES MAGISTRATE JUDGE