UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. GONZALES, et al.,<br><br>　　　　　Defendants. | No. 1:23-cv-00062-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE<br><br>(ECF No. 39) |

Plaintiff John Edward Mitchell is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for judicial notice, filed January 29, 2024. (ECF No. 39.) Plaintiff requests that the Court take judicial notice of Title 15 of the California Code of Regulations sections 3084.9 and 3085. (Id.)

Per Federal Rule of Evidence 201, a court may take judicial notice of an adjudicative fact if it "is not subject to reasonable dispute because it (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Rule 201, however, deals only with adjudicative facts. See Lindland v. TuSimple, Inc., Case No. 21-CV-417 JLS (MDD), 2022 WL 687148, at *3 (S.D. Cal. Mar. 8, 2022) (citation omitted). "Adjudicative facts are simply facts of the particular case," whereas legislative facts are

those related to "legal reasoning and lawmaking." Fed. R. Evid. 201(a), Notes of Advisory Committee on Proposed Rules Subdivision (a). "It is unnecessary to request that the court judicially notice published cases from California and federal courts as legal precedent; the court routinely considers such legal authorities in doing its legal analysis without a party requesting that they be judicially noticed." Lindland, 2022 WL 687148, at *3 (quoting Lucero v. Wong, No. C 10-1339 SI PR, 2011 WL 5834963, at *5 (N.D. Cal. Nov. 21, 2011)); see Benton v. Cory, 474 F. App'x 622, 623–24 (9th Cir. 2012) ("We grant [appellant]'s request for judicial notice of court filings in other proceedings, but deny as unnecessary his request for judicial notice of legal authorities." (citing Trigueros v. Adams, 658 F.3d 983, 987 (9th Cir. 2011))); Owino v. CoreCivic, Inc., No. 17-CV-1112 JLS (NLS), 2018 WL 2193644, at *2 (S.D. Cal. May 14, 2018) ("It is well established that [ ]courts may consider legal reasoning and conclusions of other federal courts without resort to Rule 201." (citing Derum v. Saks & Co., 95 F. Supp. 3d 1221, 1224 (S.D. Cal. 2015))); Nguyen v. Cavalry Portfolio Servs., LLC, No. 15-CV-0063-CAB-BLM, 2015 WL 12672149, at *2 (S.D. Cal. Feb. 20, 2015) ("[I]t is inappropriate to request that the Court take judicial notice of legal authority, as judicial notice is reserved for adjudicative fact[s] only.") (quoting Stiller v. Costco Wholesale Corp., No. 3:09-cv-2473-GPC-BGS, 2013 WL 4401371, at *1 (S.D. Cal. Aug. 15, 2013)); Lathan v. Ducart, No. 16-16551, 2017 WL 3976705, at *1 (9th Cir. June 16, 2017) (denying as unnecessary request for judicial notice as to "statutes, regulations, or published opinions"). Thus, judicial notice of California Code of Regulations is unwarranted, and Plaintiff's request is denied. That said, Plaintiff is advised that the Court will consider any and all applicable legal authority.

IT IS SO ORDERED.

Dated:   **January 30, 2024**

_____
UNITED STATES MAGISTRATE JUDGE