UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>        Plaintiff,<br><br>    v.<br><br>C. GONZALES, et al.,<br><br>        Defendants. | No. 1:23-cv-00062-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 44) |

Plaintiff John Edward Mitchell is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed April 25, 2024. (ECF No. 44.) In support of the motion Plaintiff states he cannot afford counsel, his imprisonment will limit his ability to litigate, he has limited access to the law library, and a trial will likely involve conflicting testimony where counsel would enable Plaintiff to present evidence and cross examine witnesses. (Id. at 1-2.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

1

The test for exceptional circumstances requires the court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the Court does not find the required exceptional circumstances. The arguments raised in plaintiff's motion show nothing more than circumstances common to most inmates. Additionally, Plaintiff's filings in this action show that he is capable of explaining the nature of his allegations and litigating this matter pro se. Accordingly, Plaintiff's motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **April 29, 2024**                              _____
                                                          UNITED STATES MAGISTRATE JUDGE