UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>    Plaintiff,<br><br>v.<br><br>C. GONZALES, et al.,<br><br>    Defendants. | No. 1:23-cv-00062-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S OBJECTIONS AND MOTION FOR RECONSIDERATION, AND DENYING MOTION TO STAY AS MOOT<br><br>(ECF Nos. 65, 66, 67) |

    On June 5, 2025, the Court granted Defendants' motion for summary judgment and the action was dismissed. (ECF No. 60.) In making this determination, the Court found that there was no genuine issue of material fact as to whether Plaintiff's grievances were improperly rejected because they contained the word "retaliation." (Id.)

    On June 17, 2025, Plaintiff filed a notice of appeal. On June 20, 2025, Plaintiff filed a motion to stay the proceedings, objections to the Court's June 5, 2025, and a motion for reconsideration of the Court's June 5, 2025, order. (ECF Nos. 65, 66, 67.)

    On July 30, 2025, Plaintiff's notice of appeal was stayed pending ruling on the timely motion for reconsideration, filed on June 20, 2025. (ECF No. 69.)

///

///

1

**I.**

**LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to exercise its discretion to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied ...; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Moreover, Local Rule 230(j) requires a party to show the "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." A Rule 60(b) motion must be made within a reasonable time, and for motions under Rule 60(b)(1), (2), and (3), "no more than a year after the entry of the judgment or order or date of the proceeding." Fed. R. Civ. P. 60(c)(1).

**II.**

**DISCUSSION**

Plaintiff has failed to set forth facts or law that meet any of the above requirements for granting reconsideration under Rule 60(b).

In his objections and motion for reconsideration, Plaintiff contends the Court's June 5, 2025, order granting Defendants' motion for summary judgment should be "overturned" if the Court did not review Plaintiff's filings in opposition. (ECF Nos. 66, 67.) Plaintiff contends that because the Court did not mention his filings it did not consider such filings when ruling on Defendants' motion for summary judgment. (Id.) Plaintiff's argument is unfounded.

Although not explicitly stated in the Court's June 5, 2025, order, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Thus, any omission of reference to an argument, document, paper, or objection shall not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. To this end, the Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate. Indeed, as noted in the Court's June 5, 2025, order,

Plaintiff filed an opposition on January 21, 2025 (proof of service dated January 2, 2025) and supplemental opposition on January 22, 2025 (proof of service dated January 9, 2025), which was considered in the Court's June 5, 2025, ruling.[1] (ECF No. 60 at 2.)  In addition, the Court exercised its discretion and considered Plaintiff's sur-reply, filed on March 31, 2025.  (ECF No. 60 at 2 n.1.)  More importantly, Plaintiff has failed to present newly discovered evidence or an intervening change in the controlling that would warrant reconsideration of the Court's June 5, 2025, order finding no genuine issue of material fact existed as to whether Plaintiff's grievances were improperly rejected because they contained the word "retaliation."  Accordingly, Plaintiff's objections and motion for reconsideration shall be DENIED.

## III.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's objections and motion for reconsideration are DENIED;
2. Plaintiff's motion to stay the proceedings is DENIED as moot; and
3. The Clerk of Court shall serve a copy of this order on the United States Court of Appeals, Case No. 25-3825.

IT IS SO ORDERED.

Dated: **August 1, 2025**

STANLEY A. BOONE
United States Magistrate Judge

---

[1] The Court notes that Plaintiff's opposition consisting of 202 pages, including a response to Defendants' statement of undisputed facts.  (See ECF No. 53 at 33-46.)  Plaintiff's supplemental opposition consisted of 60 pages, which included a declaration by Plaintiff.  (See ECF No. 54.)